**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JUNEOK CHO,**

                  **Plaintiff,**                1:12-cv-1003
                                                         (GLS/RFT)

                  **v.**

**HYUNDAI CAPITAL AMERICA,
INC.,** f/k/a and a/k/a Hyundai
Motor Finance Company,

                    **Defendant.**

_____

## SUMMARY ORDER

On June 20, 2012, plaintiff Juneok Cho commenced this action against defendant Hyundai Capital America, Inc., f/k/a and a/k/a Hyundai Motor Finance Company ("Hyundai Capital"), alleging common law claims of fraud, identity theft, and malicious and false prosecution.[1] (Compl. ¶¶ 41-67, Dkt. No. 1.) Pending is Hyundai Capital's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the

---

[1] Because the motion under consideration is jurisdictional in nature, a recitation of the underlying facts is unnecessary. The court notes, however, that with the exception of the purportedly false arrest, and damages suffered, the bulk of Cho's factual allegations occurred outside of this district. (*See* Compl. ¶¶ 15-40.) As Hyundai Capital has not objected to the choice of this district as the action's proper venue, however, the court declines to raise the issue *sua sponte*.

alternative, for jurisdictional discovery. (*See* Dkt. No. 6.) For the reasons that follow, the motion is denied.

Cho contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2), which states, in relevant part, that district courts have original jurisdiction of actions between "citizens of a State and citizens or subjects of a foreign state."[2] (*See* Compl. ¶¶ 9-10; Dkt. No. 8 ¶ 4.) Where, as here, "jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paolo del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (citation omitted). Once the existence of diversity jurisdiction is called into question, either by an opposing litigant or the court, the invoking party "bears the burden of proving facts to establish that jurisdiction." *Id.* (internal quotation marks and citations omitted).

Hyundai Capital argues first that subject matter jurisdiction is absent because "a suit by a plaintiff domiciled abroad may not be premised on diversity as the basis for jurisdiction." (Dkt. No. 6, Attach. 13 at 7.) This contention is plainly incorrect. *See Muang NG We & Massive Atl. Ltd. v.*

---

[2] 28 U.S.C. 1332(a) further requires that "the matter in controversy" must "exceed[] the sum or value of $75,000." The parties do not dispute that this threshold amount is satisfied in the instant case.

*Merrill Lynch & Co., Inc.*, No. 99 CIV. 9687, 2000 WL 45440, at *1 (S.D.N.Y. Jan. 19, 2000) (stating that under 28 U.S.C. § 1332(a)(2), a suit in which "plaintiffs are citizens of foreign states" and "defendants are citizens of the United States" constitutes a "permissible [jurisdictional] configuration")*; Kavowras v. Pinkerton, Inc.*, No. 97 CIV. 6098, 1998 WL 209617, at *1 (S.D.N.Y. Apr. 29, 1998) ("[A] plaintiff who relies on diversity of citizenship as the basis for jurisdiction must establish that he is a citizen of one state suing a citizen of another, or that he is a citizen of a foreign country suing a citizen of a state."); *Eriksson v. Galvin*, 484 F. Supp. 1108, 1127 (S.D.N.Y. 1980) ("[T]his action between foreign plaintiffs and United States citizens falls within the diversity jurisdiction of this Court."). It is clear that Hyundai Capital's erroneous argument is premised on a misinterpretation of *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990), and its progeny, which stand for the proposition that 28 U.S.C. § 1332(a) does not provide jurisdiction over actions to which United States citizens domiciled abroad are parties.[3] (*See* Dkt. No. 6, Attach. 13 at 2.)

---

[3] Notably, the Second Circuit acknowledged that, in drafting 28 U.S.C. § 1332(a) in the way that it did, Congress failed to grant "United States citizens domiciled abroad rights parallel to those it accords to foreign nationals." *Cresswell*, 922 F.2d at 68.

3

The *Cresswell* line of cases is inapplicable to the instant action, however, because there is no suggestion that Cho is a citizen of the United States. (*See* Compl. ¶ 1; Dkt. No. 8 ¶ 20.)

Next, Hyundai Capital contends that the court cannot ascertain whether jurisdiction exists under 28 U.S.C. § 1332(a)(2) because Cho "has failed to plead - or otherwise attest - to whether he is a citizen of a foreign country." (Dkt. No. 9 at 9-10.)[4] This argument, too, must fail.

Cho claims that he "is a national and resident of the Republic of Korea" and that he resided there "at the time of commencement of this action."[5] (Compl. ¶ 1; Dkt. No. 8 ¶ 14.) Acknowledging this fact, Hyundai

---

[4] Hyundai Capital argues further that jurisdiction cannot be premised on 28 U.S.C. 1332(a)(1). (*See* Dkt. No. 6, Attach. 13 at 6-14; Dkt. No. 9 at 5-7.) Because Cho does not seek to establish jurisdiction pursuant to subsection (a)(1), however, the court need not address this argument. (*See* Dkt. No. 8 ¶¶ 4, 20.) Hyundai Capital also requests that Cho's response papers be stricken for failure to comply with Local Rule 7.1(a). (*See* Dkt. No. 9 at 2.) While the court acknowledges that Cho's papers are formatted improperly, they contain the relevant and requisite information and will not be stricken. Furthermore, Cho's Complaint alone contains adequate information upon which to find the existence of diversity jurisdiction. (*See generally* Compl.)

[5] Cho also claims that, at all times relevant to the underlying events, he "was a domiciliary of the Northern District of New York." (Compl. ¶ 3.) While this contention appears to be incorrect given the temporary nature of his stay in Albany, (*see id.* ¶ 12), it is undoubtedly irrelevant to the question of diversity as the events in question occurred between 2006 and

4

Capital argues, without support, that Cho's failure to "allege what country he actually claims to be a *citizen* of" is fatal. (Dkt. No. 9 at 7.) The Supreme Court, however, found to the contrary in *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, stating that, "[g]iven the object of the alienage statute . . . there is no serious question that 'nationals' were meant to be amenable to the jurisdiction of the federal courts." 536 U.S. 88, 99 (2002). Cho's status as a national of the Republic of Korea therefore brings him within the purview of 28 U.S.C. § 1332(a)(2).

Accordingly, 28 U.S.C. § 1332(a)(2) provides this court with jurisdiction over the instant action between Cho, a foreign national plaintiff, and Hyundai Capital, a California corporation.[6] Hyundai Capital's motion is therefore denied in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Hyundai Capital's motion to dismiss for lack of

---

2008, and Cho did not commence this action until June 20, 2012, *see Universal Licensing Corp.*, 293 F.3d at 581 (requiring that diversity exist at the time the action is commenced).

[6] "For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Universal Licensing Corp.*, 293 F.3d at 581 (citation omitted). The parties agree that Hyundai Capital is a California corporation. (*See* Compl. ¶ 4; Dkt. No. 5.)

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, for jurisdictional discovery, (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that Hyundai Capital file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Treece in order to schedule further proceedings in accordance with this Order; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

September 24, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court